AMERICAN FROZEN FOOD
INSTITUTE, Appellant,

v.

Joseph A. CALIFANO, Jr., Secretary of
Health, Education and Welfare, et al.

No. 76–1620.

United States Court of Appeals,
District of Columbia Circuit.

Argued May 2, 1977.

Decided May 12, 1977.

Philip C. Olsson, Washington, D. C., with whom James F. Rill, Washington, D. C., was on the brief, for appellant.

Richard A. Merrill, Chief Counsel, Food and Drug Administration, Rockville, Md., with whom Earl J. Silbert, U. S. Atty., Stephen H. McNamara, Associate Chief

Counsel for Food, Jess H. Stribling, Jr., Atty., Food and Drug Administration, Margaret A. Cotter, Asst. Chief, Consumer Affairs Section, Dept. of Justice, Washington, D. C., were on the brief, for appellees.

Before WRIGHT, McGOWAN and TAMM, Circuit Judges.

Opinion Per Curiam.

PER CURIAM:

The circumstances giving rise to this appeal from the District Court are set forth in its opinion appearing at 413 F.Supp. 548 (1976). We are in general agreement with Judge Robinson's opinion. We find it useful only to emphasize that, as presented to us upon appeal, the "fundamental issue" is, in appellant's submission, whether the Food and Drug Administration, in promulgating the challenged regulations with respect to seafood cocktails and frozen heat and serve dinners, was required to utilize the formal rulemaking procedures prescribed in § 701(e) of the Food, Drug and Cosmetic Act, as distinct from the informal (or notice and comment) general rulemaking authority vested in it by § 701(a). Whatever may have been the case in the District Court, appellant before us did not pose the issue in terms of rulemaking as contrasted with case-by-case adjudication in complaint proceedings.

 The District Court in its opinion (at pp. 553–554) addressed the precise issue of formal versus informal rulemaking as the procedure required to be followed in this instance. It concluded, contrarily to appellant's contention, that the two regulations under attack did not constitute the establishment of definitions and standards of identity within the meaning of § 701(e). On this premise, with which we fully agree, the District Court concluded that it was proper for the FDA, invoking the general rulemaking power confided to it by § 701(a), to promulgate the challenged regulations in aid of other substantive provisions of the Act, notably §§ 403(i) and 201(n). We think that the District Court was correct in so doing, and in its final conclusion that the resulting regulations, by reference to the administrative record, are neither arbitrary, capricious, or an abuse of discretion under the applicable standard of review. 5 U.S.C. § 706(2)(A).

The judgment of the District Court is, accordingly, affirmed.